**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2009

Charles R. Fulbruge III
Clerk

No. 09-30309
Summary Calendar

ROGER ANTHONY,

Plaintiff-Appellant,

versus

CANAL INDEMNITY CO.; EWA EHRLICH, Doing Business as SJ Service;
JAN STANISLAW,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:07-CV-3061

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

This case arises out of a motor vehicle collision between Roger Anthony
and Jan Stanislaw. The parties reached a settlement before a trial on the mer-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

its, and the district court dismissed without prejudice. Anthony filed a consent motion seeking dismissal *with* prejudice, which the district court granted. Defendants successfully moved to rescind that order under Federal Rule of Civil Procedure 60(b). Anthony appeals. We review for abuse of discretion, and, finding none, we AFFIRM.

I.

Anthony and his wife Melissa sued Stanislaw, his employer Ewa Ehrlich, and their insurer, Canal Indemnity Company. The parties entered into a settlement agreement that read, in part, "I hereby instruct MY counsel of record to file an appropriate motion dismissing said suit, with prejudice, with each party to bear their own costs of court." Despite that language, the district court entered an order dismissing *without* prejudice.

Neither party objected to the order for ten months. During that period, Stanislaw and Ehrlich sued Roger Anthony and his insurance carriers in state court for claims arising from the same accident. Stanislaw and Ehrlich did not present those claims to the district court, despite the fact that they arise out of the same cause of action. Anthony filed an Exception of Res Judicata with the state court, arguing that Stanislaw and Ehrlich should have presented their claims in federal court as compulsory counterclaims and that the settlement agreement, combined with the federal court's dismissal, barred the state court action. The state court disagreed, relying in part on the federal court's order of dismissal without prejudice.

Disappointed by the state court's decision, Anthony moved in federal court to reopen and to dismiss *with* prejudice. He argued that he sought to enforce the settlement agreement. But he never informed the district court of the pending state court action or mentioned his intent to supplement the state court record on appeal with the federal court's new dismissal. Most importantly, he filed his

2

motion as a consent motion, leading the district court to believe that defendants had no objection to dismissal with prejudice. On the basis of that information, the court granted the motion to dismiss with prejudice on the same day.

But defendants did object. Two months later, they filed their own motion to reopen and asked the district court to rescind its order dismissing with prejudice. They sought relief under rule 60(b), alleging that the Order of Dismissal with Prejudice was obtained through fraud, misrepresentation, or other misconduct and that other reasons justified relief from judgment.

The court held a telephone conference and considered memoranda from both sides. It then rescinded its previous order of dismissal with prejudice and reinstated its original order, once again dismissing without prejudice. The court's explanation for its decision came in a footnote to its Minute Entry of March 25, 2009: "The Court's order of dismissal with prejudice was signed by this Court without plaintiffs' counsel notifying this Court that there was an objection to it." The issue before us is whether the decision to rescind the previous order under rule 60(b) is an abuse of discretion.

## II.

Rule 60(b) seeks a balance between finality and justice. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Unit A Jan. 1981). The discretion as to how to strike that balance lies squarely with the district court and will be reversed only for abuse of discretion. *New Hampshire Ins. Co. v. Martech USA, Inc.*, 993 F.2d 1195, 1200 (5th Cir. 1993). "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Kennedy v. Tex. Utils.*, 179 F.3d 258, 265 (5th Cir. 1999) (internal quotations omitted).

The rule 60(b) motion seeks relief on the grounds of fraud, misrepresentation or other misconduct as well other reasons that justify relief from the judg-

ment. That amounts to an invocation of subsections 60(b)(3) and (6). Subsection 60(b)(3) provides relief from a final judgment where the adverse party obtained judgment through fraud, misrepresentation, or other misconduct; subsection 60(b)(6) provides relief for "any other reason." Relief under rule 60(b)(6) is mutually exclusive of relief under any of the other subsections. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005).

Defendants "cannot obtain relief under 60(b)(6) where the allegations of fraud or misconduct are essentially the identical grounds for relief sought under [their] 60(b)(3) motion." *Id*. Defendants provided the district court with grounds for relief only under rule 60(b)(3) and failed to establish "any other reason" for relief under rule 60(b)(6). In any event, defendants did not set forth evidence of the sort of "extraordinary circumstances" necessary to warrant relief under the rule 60(b)(6) catchall provision. *See id*. at 642-43. We therefore review under the standards applicable to rule 60(b)(3).

The burden of proving fraud or misrepresentation under rule 60(b)(3) falls on the moving party, which must show clear and convincing evidence. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978). "Determining whether a party has made a sufficient showing to warrant relief lies in the sound discretion of the district court." *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc) (citations omitted). To prevail on a rule 60(b)(3) motion, a party must establish (1) fraud or other misconduct on the part of the adverse party and (2) that the moving party did not have the opportunity to present his case fully and fairly as a result of that misconduct. *Hesling*, 396 F.3d at 641-42 (5th Cir. 2005).

## III.

The district court did not abuse its discretion in granting the rule 60(b) motion. Roger Anthony filed his motion as a consent motion and led the court

to believe that defendants had no objection to dismissal with prejudice. Anthony did not inform the court of pertinent facts that motivated his motions to reopen and dismiss with prejudice. He also failed to notify defendants of his actions. In fact, he had brought his motions *ex parte* and never notified Stanislaw, Ehrlich, or Canal Indemnity of his intent to obtain dismissal with prejudice. Given that Anthony intended to use the dismissal with prejudice to foreclose the state court claims, he should have known that defendants would object. Instead, he assumed that the language of the settlement agreement was so plain that any objection by defendants would be futile.

That legal conclusion was not for Anthony to make. He misled the court and deprived defendants of the opportunity to be heard. That is precisely the sort of conduct rule 60(b) is meant to remedy.

Anthony contends that in light of the "clear and unambiguous" language of the settlement agreement, it was error for the district court to grant the rule 60(b) motion, dismissing the case without prejudice. Anthony misinterprets what the court did, however: It did not rule on the language of the settlement agreement; Anthony deprived the court and himself of that opportunity by falsely presenting that question as uncontested. Rather, the court granted the motion because Anthony had previously misled the court into believing that both parties wanted dismissal with prejudice.

The district court's brief reasoning is sufficient to justify its conclusion. In *Provident Life & Accident Insurance Co. v. Goel*, 274 F.3d 984, 997-98 (5th Cir. 2001), the district court did not provide any reasoning for its denial of a rule 60(b) motion. This court nevertheless affirmed. *Provident Life* stands for the proposition that a district court need not enter findings of fact and conclusions of law to decide a rule 60(b) motion.[1] Here, the court provided plain, if brief,

---

[1] *See* 9C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Prac-
(continued...)

reasoning and reached its decision after holding a teleconference with the parties and receiving written submissions from both sides. In light of these circumstances, there is no abuse of discretion in granting the rule 60(b) motion. The judgment, accordingly, is AFFIRMED.

---

[1] (...continued) TICE AND PROCEDURE § 2575 (3d ed. 2008) (stating that findings of fact and conclusions of law "are unnecessary to a ruling on a motion for relief from judgment under Rule 60(b) when the legal issues raised on the motion are 'straightforward and readily comprehensible.'" (citing *Provident Life*, 274 F.3d at 998-99)).